# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAK AMERICAS MISSISSIPPI, INC.** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:18cv31-HSO-JCG** |
| | § | |
| | § | |
| **JEDSON ENGINEERING, INC. and** | § | |
| **ROB'T J. BAGGETT, INC.** | § | **DEFENDANTS** |
| | | |
| **JEDSON ENGINEERING** | § | **COUNTER-CLAIMANT** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DAK AMERICAS MISSISSIPPI, INC.** | § | **COUNTER-DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT/ COUNTER-CLAIMANT JEDSON ENGINEERING'S MOTION [205] FOR RECONSIDERATION OF ORDER [204] OR, IN THE ALTERNATIVE, LEAVE TO FILE ADDITIONAL EVIDENCE

BEFORE THE COURT is Defendant/Counter-Claimant Jedson Engineering's

Motion [205] for Reconsideration of the Court's Order [204], which denied Jedson

Engineering's Motion [60] for Partial Summary Judgment on its Counterclaim

against Plaintiff/Counter-Defendant DAK Americas Mississippi, Inc. Jedson

Engineering asks the Court to reconsider its ruling and Jedson's earlier Motion [60]

for Partial Summary Judgment. Alternatively, Jedson Engineering seeks leave to

file a new Motion for Summary Judgment or submit additional evidence to support

its request for summary judgment. After due consideration of the record, the Motion, related pleadings, and relevant legal authority, the Court is of the opinion that Jedson Engineering's Motion [204] for Reconsideration and its alternative requests for relief should be denied.

## I. BACKGROUND

### A. Brief factual background

This dispute arises out of the design and construction of a concrete storage slab at DAK Americas Mississippi, Inc.'s ("DAK") PET resin manufacturing facility located in Bay St. Louis, Hancock County, Mississippi. *See* Compl. [1] at 2. To facilitate design and construction of the slab, DAK issued several purchase orders to Jedson Engineering ("Jedson"). Jedson has submitted the final October 15, 2014, Purchase Order # 4500426907 issued for the work, which contained certain Terms and Conditions, including a limitation-of-liability clause. *See* Ex. "3" [60-3] at 4.[1]

### B. Procedural background

Invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, DAK filed this lawsuit on January 31, 2018, against Defendants Jedson and Rob't J. Bagget, Inc. ("RJB"), which was the contractor selected to construct the slab. DAK alleged negligent design, negligent construction management, and breach of contract claims against Jedson, and negligent construction and breach of contract

---

[1] DAK attached the same Purchase Order to its Complaint [1], *see* Ex. "A" [1-2] at 1-4, but the two Purchase Orders supplied by the parties reflect some differences. Exhibit "A" to the Complaint contained a "PO Change date" of "04/09/2015," *id.* at 1, while the version attached to Jedson's Motion [60] for Summary Judgment has a "PO Change date" of "01/28/2015," Ex. "3" [60-3] at 1. The Terms and Conditions of both versions of the Purchase Order appear to be otherwise identical. *Compare id.* at 4, *with* Ex. "A" [1-2] at 4.

claims against RJB.  *See* Compl. [1] at 6-10.  Jedson filed a Counterclaim [15] against DAK seeking a declaratory judgment determining DAK's rights and Jedson's responsibilities under the limitation-of-liability clause contained in section 6(A) of the Purchase Order [15-1], and limiting DAK's remedies against Jedson accordingly.  Jedson also advanced claims for specific performance and bad faith breach of contract.  Countercl. [15] at 18-21.  RJB filed a Cross-claim [43] against Jedson, *see* Cross-cl. [43] at 12-16, which RJB has voluntarily dismissed, *see* Order [203] at 1-2.

  1. <u>Jedson's Motion [60] for Partial Summary Judgment</u>

  Jedson filed a Motion [60] for Partial Summary Judgment on its Counterclaim, seeking a declaration from the Court that "the Terms and Conditions attached to the final purchase order are valid and enforceable and operate [to] limit DAK's recovery to 1) refund of the purchase price or 2) rework of services."  Mot. [60] at 3.  Jedson also asked the Court to enter "an Order directing DAK to elect its remedy pursuant to the Terms and Conditions."  *Id.*

  DAK responded that the limitation-of-liability clause does not unambiguously apply because Jedson damaged DAK's property due to Jedson's own negligence or breach of contract.  *See* Resp. [79] at 3-5.  DAK maintained that section 6(B)(ii) of the Terms and Conditions renders the limitation-of-liability clause inapplicable.  *Id.*

  Jedson countered that a plain reading of the contract demonstrates that "the damage to property of Article 6(B) does not apply to property which was the subject of Jedson's contract."  Rebuttal [86] at 1.  According to Jedson, the "damage to

property" mentioned in section 6(B)(ii) means

> damage to **existing** property, not damage to property created by Jedson's work or work being performed by Jedson. Otherwise, the warranty would mean nothing and would be superfluous, given the object of Jedson's scope was to design property.

*Id.* at 8 (emphasis in original).[2] Additionally, Jedson maintained that section 6(B) is clearly "meant to be a defense and indemnification clause for claims made by third parties against the services provided pursuant to the order," and that this section only applies to claims brought by third parties. *Id.* at 10.

2. The Court's Order [204] denying Jedson's Motion for Partial Summary Judgment

In its March 28, 2019 Order, the Court determined that Jedson had not carried its burden as the movant of demonstrating that the limitation-of-liability clause unambiguously applies to DAK's claims against it. *See* Order [204] at 13. The Court found that even if Jedson is correct that the contract is unambiguous, such that damage to preexisting property is necessary to trigger the exclusion in section 6(B)(ii), DAK had presented evidence creating a question of fact on whether Jedson's actions "caused damage to DAK's property," specifically whether Jedson "caused the slab, **and** DAK's property, to be unsuitable for DAK's intended purpose . . . ." *Id.* at 12 (quoting Aff. of Colvin D. Mann [79-1] at 3-4). The Court further noted that Jedson had not addressed DAK's argument that under North Carolina law, "[a]lthough ambiguous contracts are generally construed against the drafter,

---

[2] Section 6(B)(ii) does not refer to "**existing** property." Rebuttal [86] at 8 (emphasis in original). Jedson adds this modifier in its interpretation of the Purchase Order. Instead, section 6(b)(ii) refers to "loss or damage to the indemnified party's property." Ex. "3" [60-3] at 4.

ambiguous limitation of liability clauses are disfavored and strictly construed." *Id.*
at 12 (quoting Resp. [79] at 4 n.1). The Court then denied Jedson's Motion [60]. *Id.*
at 13-14.

3. Jedson's Motion [205] to Reconsider

Jedson's present Motion [205] asks the Court to reconsider its prior Order
[204], or alternatively, permit it to either file a new dispositive motion or submit
additional evidence in support of its request for partial summary judgment. Jedson
contends that the Court did not find the limitation-of-liability clause ambiguous and
"misapprehended" certain evidence in the summary judgment record, specifically
the Declaration [79-1] of Colvin D. Mann, P.E. *See* Mot. [205] at 2-3. According to
Jedson, the Court improperly "speculate[d]" that "DAK's property" in the
Declaration is something other than the slab itself, which resulted in a "critical
error" in the Court's analysis. *Id.* Jedson maintains that "the only damage to
DAK's property is the slab Jedson designed," *id.* at 3, and requests that the Court
reconsider its Order and find the limitation-of-liability clause valid and enforceable,
*id.* In the alternative, "Jedson requests leave to file an out-of-time Motion for
Summary Judgment or additional evidence with respect to the damages claimed by
DAK in this lawsuit and Colvin's opinions . . . ." *Id.* at 3-4.

DAK opposes Jedson's request as well as Jedson's request for leave to submit
additional evidence or file a new dispositive motion, *see* Resp. [207] at 1-16, taking
the position that the Court correctly rejected Jedson's interpretation of the contract,
as Jedson failed to establish that its interpretation of section 6(B)(ii) was

reasonable, *id.* at 6-8. DAK also maintains that the Court properly construed the record in finding that there is evidence of damage to DAK's preexisting real property, as set forth in Mann's Declaration, *id.* at 10-13, and that its proposed Substituted Response [166-1], which the Court determined it need not consider in resolving Jedson's Motion [60] for Partial Summary Judgment, additionally supports denying Jedson's request for reconsideration, *id.* at 13-14. Finally, DAK argues that Jedson has not shown good cause to submit additional briefing or evidence out of time and that DAK will be prejudiced if Jedson is permitted to re-brief a motion for partial summary judgment when trial is set for the Court's August 2019 trial calendar. *Id.* at 14-16.

In support of its Response [207], DAK submitted as Exhibit "A" the bid of T.L. Wallace Construction, Inc., which was submitted in response to DAK's Request for Quotation. *See* Bid [212] at 1 (filed restricted access). DAK states that this bid, which was produced during discovery, demonstrates that the overall damages sought in this case include the cost of excavation of the existing subsoil that was damaged by Jedson's design. Resp. [207] at 12.

Jedson objects to DAK's reliance on this bid, arguing the evidence is inadmissible, as it is unauthenticated and constitutes hearsay. Rebuttal [213] at 3-4 (citing Fed. R. Civ. P. 56(c)(2)). Jedson also argues that the exclusion in section 6(B)(ii) to limitation of liability is not triggered if the only damage is to any property within Jedson's scope of work under the Purchase Order. This renders the bid irrelevant, as "the subsoil still falls within Jedson's scope of work." *Id.* at 4 (citing

6

Miss. R. Evid. 402).

## II. <u>DISCUSSION</u>

A.  <u>DAK's Exhibit "A"</u>

The Court need not address Jedson's evidentiary arguments with respect to Exhibit "A" to DAK's Response.  Even without considering the bid from T.L. Wallace, Jedson's request for reconsideration is not well taken and should be denied.

B.  <u>Jedson's request for reconsideration of denial of summary judgment</u>

1.  <u>Applicable standards</u>

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'"  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)).  "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Id.* (quotation omitted).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When a movant files an "offensive" motion for summary

judgment and bears the burden of proof on that claim, as Jedson did on its own Counterclaim, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).

2.    Analysis

As the Court explained in its prior Order [204], section 6(A) in the Purchase Order's Terms and Conditions potentially limits Jedson's liability for failing to conform with the warranties contained in section 5, to the extent that section 6(A) controls. Ex. "3" [60-3] at 4. However, section 6(B) sets forth certain exceptions under which this limitation of liability does not apply. *Id.* The thrust of Jedson's original Motion for Partial Summary Judgment was whether the limitation-of-liability section controls as a matter of law. The Court held that Jedson had not shown that this section unambiguously applies to DAK's claims against it. Order [204] at 13.

Two of Jedson's arguments in support of its request for summary judgment were that damage to property other than the slab was needed to trigger the exclusion to limitation of liability set forth in section 6(B)(ii), and that this exclusion applies only to claims made by third parties. *See* Rebuttal [86] at 8, 10-11. The Court explained how, if Jedson's interpretation of the Purchase Order were correct, this would seem to render section 6(B)(ii) superfluous. Order [204] at 11-12. As an additional ground for denying summary judgment, the Court noted that

> "[e]ven if Jedson is correct that the contract is unambiguous such that
> damage to preexisting property is necessary to trigger the exclusion in

8

section 6(B)(ii), DAK has presented evidence creating a question of fact whether Jedson's actions have 'caused damage to DAK's property,' specifically that Jedson 'caused the slab, and DAK's property, to be unsuitable for DAK's intended purpose . . . .'"

*Id.* at 12 (quoting Aff. of Colvin D. Mann [79-1] at 3-4 (emphasis added)).

In its request for reconsideration, Jedson posits that "[t]he Court did **not** find the limitation of liability clause ambiguous, but rather, held Jedson did not carry its summary judgment burden by establishing there was no damage to preexisting or other property." Mot. [205] at 2 (emphasis in original). This misstates and narrows the Court's holding.

Even if this "damage to preexisting or other property" issue was the only basis for the Court's ruling, *see id.*, reconsideration would not be appropriate. Jedson bore a high burden on its "offensive" Motion for Partial Summary Judgment of establishing "beyond peradventure"[3] its entitlement to summary judgment, *Fontenot*, 780 F.2d at 1194, and the Court was required to view all facts and inferences in the light most favorable to DAK, the nonmoving party, *see RSR Corp.*, 612 F.3d at 858. With those precepts in mind, the Court remains convinced that Jedson did not carry its burden.

C.     Jedson's alternative requests

In the alternative, Jedson seeks leave pursuant to Rule 56(e)(1) to file additional evidence to support its request for partial summary judgment, *see* Jedson's Mot. [205] at 1 (citing Fed. R. Civ. P. 56(e)(1)), or to modify the scheduling

---

[3] Peradventure is defined as "[t]he possibility of a thing being so or not; uncertainty, doubt; a chance, contingency; a risk, hazard." *Peradventure*, Oxford English Dictionary (3d ed. 2005).

Order pursuant to Rule 16(b)(4) and permit it to file an out-of-time Motion for Partial Summary Judgment citing Rule 1, Mem. [206] at 11-14 (citing Fed. R. Civ. P. 1; Fed. R. Civ. P. 16(b)(4)).

Rule 56(e) provides that,

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1)     give an opportunity to properly support or address the fact;
> (2)     consider the fact undisputed for purposes of the motion;
> (3)     grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4)     issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Based upon the specific facts and circumstances of the present case, the Court is not persuaded that Jedson's alternative request for leave to submit additional evidence is well taken. Jedson has not shown what specific evidence it could or would present that would somehow entitle it to summary judgment.

Under Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The United States Court of Appeals for the Fifth Circuit has held that there are four relevant factors a court should consider when determining whether good cause exists under Rule 16(b)(4):

> (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.

*Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019) (quotation and

alterations omitted).

In this particular case, Jedson has not shown good cause to modify the scheduling order to permit it to file another dispositive motion. Jedson has not adequately explained why it did not address this issue in briefing its original Motion for Partial Summary Judgment, nor does it explain the importance of the unspecified, new evidence. As the Court found, there is a genuine dispute of material fact in the record, and there is no indication that permitting Jedson to file additional evidence would somehow resolve that factual dispute. The property issue on which Jedson relies in its Motion for Reconsideration was not the only ground upon which the Court based its denial of Jedson's request for partial summary judgment.

Additionally, while Jedson maintains that its request to amend the scheduling Order would not necessitate a new trial date, *see* Mem. [206] at 13, given that the Pretrial Conference is less than two months away, extending the dispositive motions deadline, which has already passed, would require such a continuance. In spite of this, Jedson has not sought a continuance of the trial date, and such a continuance would prejudice DAK, as well as impose an undue and unnecessary burden on the Court's time and resources. Jedson's Motion for Reconsideration is not well taken and will be denied in all respects.

## III. <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Jedson's

Motion [205] for Reconsideration will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant/

Counter-Claimant Jedson Engineering's Motion [205] for Reconsideration the

Court's Order [204] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of June, 2019.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE